# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**PETER A. THOMPKINS,**

    **Petitioner,**

    v.

**WARDEN ROSS**
**CORRECTIONAL INSTITUTION,**

    **Respondent.**

**CASE NO. 2:08-CV-504**
**JUDGE GRAHAM**
**MAGISTRATE JUDGE KING**

## OPINION AND ORDER

On October 20, 2009, the Magistrate Judge issued a *Report and Recommendation* recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed. *Report and Recommendation,* Doc. No. 25. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation. Objection*, Doc. No. 29. For the reasons that follow, petitioner's objections are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of claims one and three on the merits. Petitioner again argues at length that his convictions on attempted murder and felonious assault constitute allied offenses of similar import; he contends that the trial court violated Ohio law and the double jeopardy clause of the United States Constitution by imposing consecutive sentences on these convictions. Petitioner clarifies that he is not arguing that felonious assault constitutes a lesser included offenses of attempted murder. *See Objections*.

Petitioner's argument is not persuasive. As discussed by the Magistrate Judge, the

sole issue properly before this Court is petitioner's federal double jeopardy clause claim. *See* 28 U.S.C. §2254(a). Since each of his convictions required proof of a fact that the other did not, these convictions are constitutionally distinct. *See Blockburger v. United States*, 284 U.S. 299, 304 (1932).[1]

Petitioner also objects to the Magistrate Judge's recommendation that claim two and claims four through eight be dismissed as procedurally defaulted. However, the record

---

[1] The Court further notes that the record does not support petitioner's argument that his convictions resulted from a single animus. Petitioner chased the alleged victim, knocked her down, and began to stab her. After the knife broke off in her neck, he went back to their house, obtained another knife and began stabbing her again. *See Petitioner's Appellate Brief, Exhibit 6 to Return of Writ; State v. Roberts*, 180 Ohio App. 3d 666, 671 (Ohio App. 3rd Dist. January 26, 2009):

> Courts have found a separate animus for both felonious assault and murder or attempted murder when a defendant shot a victim in the back as he attempted to run away, then ran up to the victim as he lay on the ground and fired multiple shots into his head, *State v. Wilson*, 2d Dist. No. 22120, 2008-Ohio-4130, 2008 WL 3582812; when a defendant shot a victim inside a building, then chased him outside and attempted to shoot him again, *Hines,* 2008-Ohio-4236, 2008 WL 3870669; and when a defendant severely beat a victim for a prolonged period of time, striking him between six and 12 times in the head and neck, *Chaney,* 2008-Ohio-5559, 2008 WL 4712753.
>
> Conversely, courts have found that a separate animus did not exist for both felonious assault and attempted murder when a defendant fired two shots at a victim in rapid succession without breaking a temporal continuum, eliminating any possibility that he had a separate animus to both feloniously assault and murder the victim, *Williams,* 2008-Ohio-5286, 2008 WL 4531946; and when a defendant rapidly fired multiple shots into a vehicle, *State v. Sutton,* 8th Dist. No. 90172, 2008-Ohio-3677, 2008 WL 2833644.

*Id*.

fails to reflect that petitioner established cause and prejudice for his procedural default of those claims. An allegation of ineffective assistance of counsel cannot constitute cause sufficient to excuse petitioner's procedural default because petitioner argued, in his application to reopen the appeal, only that his attorney had improperly failed to raise a speedy trial claim, *see Exhjibits 15, 16 to Return of Writ*. Moreover, petitioner failed to file a timely appeal of the appellate court's denial of his Rule 26(B) application to the Ohio Supreme Court. *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000).

"[P]etitioner has the burden of showing cause and prejudice to overcome a procedural default." *Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001), citing *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999) (internal citation omitted).

> "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him[;] ... some objective factor external to the defense [that] impeded ... efforts to comply with the State's procedural rule." *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

*Maples v. Stegall*, 340 F.3d 433, 438 (6th Cir. 2003); *see also Lundgren v. Mitchell*, 440 F.3d 754, 763-64 (6th Cir. 2006), citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Petitioner's *pro se* status or ignorance of the law or of procedural requirements for filing a notice of appeal are insufficient to establish cause sufficient to excuse a procedural default. *See Bonilla v. Hurley*, 370 F.3d at 498, citing *Hannah v. Conley,* 49 F.3d 1193, 1197 (6th Cir. 1995). Instead, in order to establish cause, petitioner "must present a substantial reason that is external to himself and cannot be fairly attributed to him." *Hartman v. Bagley*, 492 F.3d 347, 358 (6th

Cir. 2007), citing *Jamison v. Collins*, 291 F.3d 380, 386 (6th Cir. 2002). Petitioner has failed to meet this standard.

Pursuant to 28 U.S.C. §636(b), this Court has conducted a *de novo* review of the record. For the foregoing reasons, and for reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

**THE CLERK SHALL ENTER FINAL JUDGMENT.**

S/ James L. Graham
JAMES L. GRAHAM
United States District Judge

Date: Dec. 8, 2009